UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MELVIN ANDERSON,

      Petitioner,

                                CASE NO. 12-11735
v.                                  HONORABLE DENISE PAGE HOOD

CARMEN PALMER,

      Respondent.

_____/

**OPINION AND ORDER
DENYING THE PETITION FOR WRIT OF HABEAS CORPUS,
DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY, BUT
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Joseph Melvin Anderson has filed a *pro se* habeas corpus petition challenging his state conviction and sentence of twelve to forty years for armed robbery. Petitioner alleges that his trial attorney was ineffective and that he was sentenced on the basis of inaccurate information.  The state appellate court's rejection of these claims "for lack of merit" was objectively reasonable.  The Court therefore must deny the habeas petition.

## I.  BACKGROUND

Petitioner was charged with armed robbery in Oakland County, Michigan.  The charge arose from an allegation that Petitioner took money from the cash register at the Hampton Inn in Southfield, Michigan on October 31, 2009.  The hotel clerk on duty at the time testified at the preliminary examination that Petitioner came into the hotel and asked to use the restroom.  Petitioner later emerged from the restroom and waited for the clerk to finish assisting a guest.  After the guest walked away, Petitioner asked the clerk for

change for a one-hundred dollar bill. When the clerk indicated that he could not change

the bill, Petitioner asked for change for a fifty-dollar bill. Although the clerk did not see a

bill in Petitioner's hand, he proceeded to open the cash register. As he was about to give

Petitioner change for a fifty-dollar bill, Petitioner pulled something from his coat pocket for

the clerk to see. The clerk saw what he thought was the handle of a gun. He backed up

and said to Petitioner, "It's all you[rs.]" Petitioner then pulled open the cash register drawer

and took the money out of the till. He left the hotel after instructing the clerk to go to the

back of the office.

　　　　At a pretrial hearing on March 18, 2010, defense counsel asked the trial court for a

*Cobbs* evaluation[1] and a sentence at the bottom of the sentencing guidelines. The trial

court stated in response that it would "cap" the minimum sentence at twelve years.

---

　　　　[1] In *People v. Cobbs*, 443 Mich. 276, 283; 505 N.W.2d 208, 212 (1993), the Michigan Supreme Court recognized the following manner in which judges may participate in sentence discussions when a plea is involved:

> At the request of a party, and not on the judge's own initiative, a judge may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense.
>
> 　　　　. . . .
>
> 　　　　The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor and the victim, or from other sources. However, a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation.

*Id.* 212 (footnote and emphasis omitted).

2

Defense counsel then asked for another pretrial conference so that Petitioner could have a final opportunity for a *Cobbs* evaluation. The trial court granted counsel's request for another pretrial conference, but, at the subsequent conference on April 8, 2010, there was no mention of a *Cobbs* evaluation. Instead, Petitioner asked for, and was denied, a different attorney.

On April 12, 2010, the date set for trial, defense counsel stated on the record that Petitioner was prepared to plead no-contest. The trial court assured defense counsel that the court was still willing to sentence Petitioner to a minimum sentence of no more than twelve years in prison, and Petitioner stated that he was satisfied with his attorney's advice. The trial court then explained to Petitioner that there was no plea bargain, but that the court intended to sentence Petitioner to a minimum sentence that would not exceed twelve years. The trial court stated that Petitioner could not withdraw his plea if the court imposed a sentence consistent with the court's intention, but that Petitioner could withdraw his plea and have a trial if the court imposed a minimum sentence that was greater than twelve years in prison.

The trial court then advised Petitioner of the rights he was waiving by pleading no contest. Petitioner stated that he understood his rights, that it was his own free choice to plead no contest, and that no one had threatened him to induce his plea, nor promised him anything other than what was stated on the record. He also acknowledged that he had three prior convictions. The trial court accepted Petitioner's plea and concluded that the plea was understanding, accurate, and voluntary.

At the sentencing on April 29, 2010, defense counsel twice informed the trial court

3

that the sentencing guidelines were lower than what the parties initially anticipated.[2]

Defense counsel requested a sentence at "the bottom of the guidelines now that they're

lower." (Sentence Tr., 5, Apr. 29, 2010.)  The trial court proceeded to sentence Petitioner

as a habitual offender to imprisonment for twelve to forty years with credit for 180 days in

jail.

In an application for leave to appeal, Petitioner argued that (1) trial counsel was

ineffective for negotiating a *Cobbs* agreement using inaccurate guidelines and (2) he was

sentenced on the basis of inaccurate information.  The Michigan Court of Appeals denied

leave to appeal "for lack of merit in the grounds presented."  *See People v. Anderson*, No.

302803 (Mich. Ct. App. Apr. 5, 2011).  On June 28, 2011, the Michigan Supreme Court

denied leave to appeal because it was not persuaded to review the issues, *see People v.

Anderson*, 489 Mich. 976; 798 N.W.2d 804 (2011) (table), and on October 24, 2011, the

state supreme court denied reconsideration.  *See People v. Anderson*, 490 Mich. 896; 804

N.W.2d 320 (2011) (table).  On April 18, 2012, Petitioner filed his habeas corpus petition

under 28 U.S.C. § 2254.

## II. STANDARD OF REVIEW

"The statutory authority of federal courts to issue habeas corpus relief for persons

in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA)."  *Harrington v. Richter*, __ U.S. __, __, 131

---

[2] The sentencing guidelines range for Petitioner's minimum sentence initially was
calculated at either 126 to 420 months (ten and a half to thirty-five years) or 135 to 450
months (eleven years, three months to thirty-seven and a half years).  The guidelines
subsequently were corrected and, at the time of sentencing, they were 108 to 360
months (nine to thirty years).

4

S. Ct. 770, 783 (2011).  Pursuant to § 2254, the court may not grant a state prisoner's application for the writ of habeas corpus unless the state court's adjudication of the prisoner's claims on the merits

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> Under the "contrary to" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J., opinion of the Court for Part II).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.* at 411.

"AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and 'demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)

5

(*per curiam*)." *Renico v. Lett*, 559  U.S. 766, 773 (2010).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.* at 786-87.

## III.  ANALYSIS

### A.  Trial Counsel

Petitioner alleges that his trial attorney made errors in the initial calculation of the sentencing guidelines range and, because the subsequently corrected guidelines were lower than the guidelines initially contemplated by the parties, his *Cobbs* agreement was based on an inflated calculation of the guidelines.  Petitioner argues that defense counsel's mistakes in calculating the guidelines range and counsel's negotiation of a *Cobbs* agreement based on incorrectly scored sentencing guidelines fell below an objective standard of reasonableness and constituted ineffective assistance of counsel.  Petitioner also alleges that defense counsel was ineffective for failing to challenge the scoring of offense variable 19 of the sentencing guidelines.

#### 1.  Clearly Established Federal Law

The two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to challenges to guilty pleas (and, by extension, no-contest pleas) based on ineffective

assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Petitioner must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. at 687. In the context of a guilty or no-contest plea, a deficient performance is one that fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. at 56-59.

The "prejudice" prong of the two-part *Strickland* test "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. Petitioner must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded no contest and would have insisted on going to trial. *Id.* at 59.

### 2. Application

As explained in footnote two, the sentencing guidelines range for Petitioner's minimum sentence initially was calculated at either ten and a half to thirty-five years or eleven years, three months to thirty-seven and a half years. The guidelines subsequently were corrected and determined to be nine to thirty years. As such, the lowest minimum sentence under the corrected guidelines (nine years) was less than the lowest minimum sentence initially anticipated by defense counsel when she negotiated a *Cobbs* evaluation.

Petitioner maintains that he did not receive the benefit of his bargain – a sentence at the bottom of the correctly scored sentencing guidelines range. This argument is based on the mistaken premise that the *Cobbs* agreement called for a sentence at the bottom of the sentencing guidelines range. Defense counsel requested a sentence at the bottom of the guidelines, but the trial court did not grant that request. The court merely agreed to cap the minimum sentence at twelve years, and the court kept its promise by sentencing

7

Petitioner to a minimum sentence of twelve years.  This sentence fell within the corrected guidelines range of nine to thirty years.

Furthermore, Petitioner was not promised a specific sentencing guidelines range. The initial sentencing guidelines range was described as preliminary, and the trial court informed Petitioner at his plea that the minimum sentence could be any term of years. Defense counsel nevertheless attempted to acquire a sentence at the bottom of the guidelines range by explaining to the trial court at the sentencing that the guidelines were lower than initially contemplated.   Defense was unsuccessful in acquiring a sentence at the bottom of the sentencing guidelines range, but she was not ineffective.  Petitioner therefore has failed to establish that his attorney's performance was deficient.

Petitioner also has failed to establish that defense counsel's allegedly deficient performance prejudiced him.  His guidelines ultimately were corrected, and he was sentenced within the guidelines.  He also reaped the benefit of his attorney's negotiations: a minimum sentence of no more than twelve years even though the sentencing guidelines called for a minimum sentence of up to thirty years.  He has not alleged that, but for counsel's alleged errors, he would not have pleaded no contest, but would have elected to go to trial.

Although Petitioner also claims that defense counsel was ineffective for failing to challenge the scoring of offense variable 19 (interference with the administration of justice), he concedes that the correct score for offense variable 19 would not have changed the guidelines.   The alleged error, therefore, did not affect the outcome of the plea and sentencing proceedings.

Petitioner has failed to show that his attorney's performance was deficient and that

8

the deficient performance prejuded the defense.  The Court therefore declines to grant

relief on Petitioner's ineffective-assistance-of-counsel claim.

### B.  The Sentence

In his only other claim, Petitioner alleges that he was sentenced on inaccurate

information.  The basis for this claim is the alleged lack of information about Petitioner's

work and educational history in the presentence investigation report.  At sentencing, the

trial court agreed to add a sentence to the report stating that Petitioner had a "significant

work history."  (Sentence Tr., 4, Apr. 29, 2010.)  But, according to Petitioner, the probation

officer failed to correct the presentence investigation report to reflect Petitioner's

employment as a machinist, welder, landscaper, and home-improvement worker and his

studies at Wayne County Community College.  He seeks re-sentencing or to have his

presentence report amended to reflect his educational and work history.

"[T]he mere presence of . . . inaccurate information in a [presentence report] does

not constitute a denial of due process."  *Hili v. Sciarrotta*, 140 F.3d 210, 216 (2nd Cir.

1998).  The contention that a presentence report contains inaccurate information raises

> [a] state law issue[], and "federal habeas corpus relief does not lie for errors
> of state law."  *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111
> L.Ed.2d 606 (1990).  "In conducting habeas review, a federal court is limited
> to deciding whether a conviction violated the Constitution, laws, or treaties
> of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475,
> 116 L.Ed.2d 385 (1991).

*Rodriguez v. Jones*, 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009), *aff'd*, 478 F. App'x 271

(6th Cir. 2012).

And to prevail on his constitutional claim that he was sentenced on inaccurate

information, Petitioner must show that the trial court relied on "misinformation of

9

constitutional magnitude," *United States v. Tucker*, 404 U.S. 443, 447 (1972), or on "extensively and materially false" information that he had no opportunity to correct through counsel, *Townsend v. Burke*, 334 U.S. 736, 741 (1948).  The trial court acknowledged that Petitioner had a significant work history, and, when Petitioner was given an opportunity to address the trial court at his sentencing, he provided the court with details of his work and educational history.

Nothing in the record indicates that the trial court relied on inaccurate information about Petitioner's work and educational history.  Instead, when sentencing Petitioner, the trial court appears to have relied on the *Cobbs* agreement and Petitioner's "very long history of contacts with the criminal justice system," which included eight felonies and two misdemeanors.  (Sentencing Tr., 10-11, Apr. 29, 2010).  The court opined that, given Petitioner's long history of criminal behavior, he was a risk to the public and needed to be in a monitored environment.  (*Id.* at 11.)

Petitioner has failed to show that the state trial court relied on misinformation of constitutional magnitude or on extensively and materially false information that he had no opportunity to correct.  The Court therefore declines to grant habeas relief on Petitioner's second and final claim.

## IV. CONCLUSION

For the reasons stated above, the state appellate court's rejection of Petitioner's claims for "lack of merit" was not contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts.  Accordingly, the petition for a writ of habeas corpus (Document 1, dated April 18, 2012) is **DENIED**.

10

## V.  DENIAL OF A CERTIFICATE OF APPEALABILITY

Petitioner may not appeal this Court's decision unless a district or circuit judge issues a certificate of appealability, 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1), and a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  When, as here, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. at 484.

Reasonable jurists would not conclude that the Court's assessment of Petitioner's claims was debatable or wrong, nor conclude that the issues deserve encouragement to proceed further.  The Court therefore declines to issue a certificate of appealability.  Petitioner nevertheless may proceed *in forma pauperis* on appeal if he chooses to appeal

11

2:12-cv-11735-DPH-MJH   Doc # 13   Filed 03/28/14   Pg 12 of 12   Pg ID 350

this decision because an appeal could be taken in good faith.  28 U.S.C. § 1915(a)(3).

S/Denise Page Hood
United States District Judge

Dated:  March 28, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager